**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000430
25-SEP-2024
08:28 AM
Dkt. 176 SO**

NOS. CAAP-20-0000430 AND CAAP-21-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-20-0000430**

IN THE MATTER OF THE CONSERVATORSHIP AND GUARDIANSHIP OF
SHEENA MAY WINNIE, also known as SHEENA M. WINNIE,
also known as SHEENA WINNIE, Protected Person-Appellant

**CAAP-21-0000370**

IN THE MATTER OF THE CONSERVATORSHIP AND GUARDIANSHIP OF
SHEENA MAY WINNIE, also known as SHEENA M. WINNIE,
also known as SHEENA WINNIE, Respondent

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(C.G. 1CG191000045)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

This appeal concerns the probate court's imposition of a constructive trust on a condominium (**Property**) without designating the matter as a "contested matter" under Hawaiʻi Probate Rules (**HPR**) 19 and 20.  We conclude this was error.

Interested Person-Appellee/Cross-Appellant Ralph E. Winnie, Jr. (**Ralph Jr.**) cross-appeals[1] from the June 22, 2020 "Order Granting in Part the Remainder of the Petition for Appointment of Conservator and Guardian" (**Order Granting Petition and Imposing Constructive Trust**),[2] filed by the Circuit Court of the First Circuit (**Probate Court**).[3]

On appeal, Ralph Jr. contends the Probate Court erred by "refus[ing] to designate [the matter] as a 'contested matter' under [HPR] Rules 19 and 20."[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1]    Respondent-Appellant Sheena M. Winnie (**Sheena**), Ralph Jr.'s mother, filed the initial appeal on June 25, 2020, which was dismissed on July 14, 2022, due to Sheena's death and there being no substitute.  The dismissal order provided that the dismissal did not affect this cross-appeal filed by Ralph Jr.

[2]    While Ralph Jr. appeals from numerous orders, he only presents argument as to the June 22, 2020 Order Granting Petition and Imposing Constructive Trust.  We do not address the other orders.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

[3]    The Honorable R. Mark Browning presided.

[4]    Ralph Jr. raises six points of error (**POEs**) in his Opening Brief. In light of our disposition on Ralph Jr.'s second POE, that a "contested matter" designation was required and vacating the Order Granting Petition and Imposing Constructive Trust, we need not address his first POE challenging the imposition of the constructive trust.  No discernible arguments in support of the remaining POEs were made, as the Opening Brief "incorporate[d] by reference" the POEs from Sheena's Opening Brief.  These POES are waived. See HRAP Rule 28(b)(7).

the arguments advanced and the issues raised, we resolve Ralph Jr.'s point of error as follows, and vacate and remand.

On August 15, 2019, Ralph Jr.'s father, Petitioner-Appellee/Cross-Appellee Ralph Edwin Winnie (**Ralph Sr.**), filed a "Petition for Appointment of Conservator and Guardian" (**Petition**) requesting that Ralph Sr. be appointed conservator and guardian for Sheena.

On December 11, 2019, the Probate Court filed an order, finding that Sheena was an incapacitated person and that there was a basis for a conservatorship or other protective proceeding, and granting the Petition in part and continuing in part.

On June 22, 2020, the Probate Court filed the Order Granting Petition and Imposing Constructive Trust, in which it appointed Maximum Legal Services Corporation as guardian and conservator; imposed a constructive trust on the Property owned by Ralph Jr.; and ordered Ralph Jr. to transfer the Property to the conservator for the benefit of Sheena.

On appeal, Ralph Jr. argues that his objections to the reports recommending the imposition of the constructive trust on his Property "triggered the probate court's obligation to designate the matter as [a] contested [case] under HPR [Rule] 19." In response, Ralph Sr. argues that "[a]t no time during the May 21, 2020 hearing" on the Petition "did Ralph Jr. request an evidentiary hearing or ask the matter to be transferred to the contested case calendar." Ralph Sr.'s counterargument lacks merit.

HPR Rule 19[5] defines a "contested matter" as "any one in which an objection has been filed." The commentary to HPR

---

[5]     HPR Rule 19, entitled "Definition," states:

3

Rule 3 explains that an "objection" is "*clearly and unequivocally in opposition to a pleading, while a response . . . could raise additional issues related to the petition.*"  A "response" "*could be in reference to an objection.*"  Id.

Here, the record reflects that Ralph Jr. filed a May 4, 2020 "Objection" to the Kokua Kanawai's Supplemental Report, where he "disagree[d] with all of [Kokua Kanawai]'s recommendations."  Ralph Jr. specifically objected to "the imposition of a constructive trust over the [Property]," as "[t]he [P]roperty was a gift from parents to son, which ha[d] been Ralph Jr.'s residence for the past three and a half years."  On May 19, 2020, Ralph Jr. filed a "Response" to the Kokua Kanawai's Third Report, objected to the imposition of the constructive trust, and specifically requested that the "matter be designated a contested matter under [HPR] Rules 19 and 20."  Thus, the record reflects Ralph Jr. filed the required objections under HPR Rule 19 to the interim reports leading up to the May 21, 2020 hearing on the Petition; opposed the

---

A contested matter is any one in which an objection has been filed. The contested matter shall be limited to facts and issues in dispute, and shall not affect other issues or pleadings before the court with respect to the same proceeding that are not in dispute, provided that no party is prejudiced thereby.

The Commentary to HPR Rule 19 provides:

*This rule sets the stage for the rules that follow. Of importance is the recognition that a contested issue can be separated from the normal progress of the estate, conservatorship, guardianship, or trust, and dealt with separately, while normal uncontested matters may continue to be addressed in normal course while the contested issue is resolved. In this way, a proceeding is not completely put on hold because of a dispute about one issue.*

reports' recommendations to impose a constructive trust; and requested a "contested matter" designation.

Ralph Sr. argues that Ralph Jr.'s argument "relies on the faulty premise that Ralph Jr. is a 'party' to the proceedings who is entitled to a contested hearing." In particular, Ralph Sr. argues that HPR Rule 19 only refers to "a *party*" and that the HPR do not specify that HPR Rule 19 applies to an "interested person."

HPR Rule 19 does not limit the objection as one being filed from "a *party*." HPR Rule 3(a) states in pertinent part: "Persons may file a joinder, response, or objection to a . . . Kokua Kanawai's report." (Emphases added.) HPR Rule 3(b) states in pertinent part: "Interested persons may also file a written response to a . . . Kokua Kanawai's report . . . if they desire to raise additional issues that are related to the . . . Kokua Kanawai's report." (Emphasis added.) Thus, an "interested person" like Ralph Jr. may file an objection or response to a Kokua Kanawai's report, which would designate the matter as a "contested matter." See HPR Rules 3 and 19.

Ralph Jr. argues that because the Probate Court failed to designate the matter as contested, he "was denied the ability to present evidence and testimony in an evidentiary hearing." This argument has merit.

HPR Rule 20, entitled "Disposition of Contested Matters," provides:

> **(a) Assignment.** The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court.
>
> . . . .
>
> **(b) Guideline for Assignment.** The court may use as a guideline on whether to assign a contested matter to the civil trials calendar the expected length of the hearing

5

and whether it will take more than one-half day. The court may also assign other matters to the civil trials calendar,
. . . .

. . . .

> **(c) Effect of Assignment to Civil Trials Calendar.** The Hawaiʻi Rules of Civil Procedure and the Rules of the Circuit Courts will apply to all contested matters assigned to the civil trials calendar. . . .

. . . .

> **(d) Procedures in Retained Contested Matters.** Whenever the court retains jurisdiction of a contested matter as a probate proceeding, the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter.

> *COMMENTARY:*

> *This rule allows the court to adopt any of the Rules of Civil Procedure or Rules of the Circuit Court to govern the conduct of the contested matter. It is anticipated that most, if not all, of the rules regarding discovery, summary judgment, trial testimony, and pretrial practices will be adopted. Currently, contested matters in probate do not clearly give rise to the right to discovery, and it is rare for the court to specifically address the issue. Other issues not in dispute, and regular settlement or administration of the probate, guardianship, or trust estate, shall continue to the extent possible without regard to the contested matter.*

> **(e) Effect on Underlying Matter.** The designation of an issue as a contested matter and the assignment thereof to the civil trials calendar or the probate calendar shall not affect the underlying proceeding, and the proceeding shall continue to the extent that such administration is not inconsistent with the issues being contested.

. . . .

> **(g) Termination of Assignment.** When the contested matter is finally resolved, whether by settlement, final unappealed order, or disposition on appeal, the assignment shall terminate and all matters relating to the proceeding shall thereafter be controlled by these rules.

. . . .

(Emphasis added.) "HPR Rule 20 (2010) provides that when a case is contested the probate court must, through a written order,

either assign the case to the circuit court or retain it." Matter of Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 468, 465 P.3d 903, 915 (2020). "If the probate court assigns the case to the circuit court, the Hawaiʻi Rules of Civil Procedure [(**HRCP**)] and the Rules of the Circuit Courts [(**RCCH**)] will apply to all contested matters assigned to the civil trials calendar." Id. (cleaned up). "Alternatively, if the probate court retains the case, the probate court in the order of assignment may, at the request of the parties, designate and order that any one or more of the [HRCP] and/or the [RCCH] shall be applicable in such matter." Id. at 468-69, 465 P.3d at 915-16 (cleaned up).

Here, when Ralph Jr. filed his objection and response to the Kokua Kanawai's reports—recommending the imposition of the constructive trust, and also specifically requesting a "contested matter" designation—the Probate Court should have designated the issue as a "contested matter." See HPR Rule 19(a); Commentary to HPR Rule 19(a) (noting that "normal progress" of conservatorship or guardianship may continue to be addressed while the "contested issue" is "separated" and "resolved"). Under HPR Rule 20(a), the Probate Court then should have determined and issued a "written order" (**Rule 20(a) Order**) indicating whether it would retain the contested matter or assign it to a civil trial calendar. See Emma Short, 147 Hawaiʻi at 468-69, 465 P.3d at 915-16.

We conclude the June 22, 2020 Order Granting Petition and Imposing Constructive Trust was erroneously entered because it was not heard and disposed of as a "contested matter" in accordance with HPR Rules 19 and 20. See Cambridge Mgmt., Inc. v. Jadan, 149 Hawaiʻi 56, 63, 481 P.3d 63, 70 (2021)

("Interpretation of court rules 'is a question of law, which the appellate court reviews de novo.'" (citation omitted)).  We remand for the Probate Court to enter a Rule 20(a) Order of retention or assignment of this case as a "contested matter." See Emma Short, 147 Hawaiʻi at 468-69, 465 P.3d at 915-16; Estate of Araki, Nos. CAAP-19-0000440 and CAAP-19-0000793, 2023 WL 3736787, at *2-3 (Haw. App. May 31, 2023) (SDO) (remanding the case for the probate court to enter a written order of retention or assignment under HPR Rule 20(a), as the case was a "contested matter").

For the foregoing reasons, we vacate the June 22, 2020 "Order Granting in Part the Remainder of the Petition for Appointment of Conservator and Guardian," filed by the Circuit Court of the First Circuit, and remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, September 25, 2024.

On the briefs:

Samuel P. King, Jr.
for Protected Person-Appellant
Sheena May Winnie.

Rex Y. Fujichaku
for Interested Person-
Appellee/Cross-Appellant
Ralph E. Winnie, Jr.

Mia D. Obciana
for Petitioner-Appellee/Cross-
Appellee Ralph Edwin Winnie.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge